## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

**Gary O. Robinson,**                                          **Civil No. 08-cv-01359 (JMR/JJG)**

     Petitioner,                                               **REPORT**
                                                                **AND**
v.                                                              **RECOMMENDATION**

**Dwight Fondren,**

     Respondent.

_____

JEANNE J. GRAHAM, United States Magistrate Judge.

     This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241[1] (Docket No. 1-5) and Respondent's motion to dismiss petition as moot (Docket Nos. 4, 6). Petitioner Gary O. Robinson is proceeding on his own behalf. Respondent Dwight Fondren, named in his capacity as Warden of the Federal Correctional Institution at Sandstone, Minnesota, is represented by United States Attorney Frank J. Magill, Jr. and Assistant United States Attorney Lisa D. Kirkpatrick. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Local Rule 72.1. For the reasons discussed below, the undersigned recommends that this action be dismissed as moot.

_____

[1] Petitioner commenced this action in the United States District Court for the District of Colorado. That Court declined to address Petitioner's original habeas corpus petition, because it was not submitted on the proper form. Petitioner was directed to file an amended petition, and he subsequently did so. The Colorado Court then determined that this case should be transferred to this District because Petitioner was confined in Minnesota. (Docket No. 1). *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979) ("Jurisdiction of a petition for a writ of habeas corpus under 28 U.S.C. § 2241, therefore, lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present.") (citations omitted); *Schmanke v. U.S. Bureau of Prisons*, 847 F. Supp. 134, 136 (D. Minn. 1994). Thus, the matter is presently before this Court on Petitioner's amended habeas corpus petition.

I.     **BACKGROUND**

Petitioner pled guilty on July 21, 2005 in the District of Colorado to one count of Possession of a Firearm by a restricted Person or Felon in Possession of a Firearm.  (Docket No. 1-8).  Petitioner appeared before United States District Judge Nottingham and entered into a plea agreement of forty-six months.  (Docket No. 1-8).  Judge Nottingham sentenced and remanded Petitioner to commence serving the forty-six-month sentence in the Federal Correctional Institution at Sandstone, Minnesota.  Petitioner was scheduled to be released from his sentence on November 20, 2008.  (Docket No. 4).  Petitioner wanted to be transferred to a Residential Re-entry Center ("RRC") in the District of Colorado.[2]  (Docket No. 1-8).  A Case Manager allegedly informed Petitioner that he was not eligible for transfer until July 23, 2008.  (Docket No. 1-8).

Petitioner filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1-5).  Petitioner claimed that Respondent improperly determined the date when he would be transferred to the RRC because Respondent allegedly relied solely on 28 Code of Federal Regulations §§ 570.20 and 570.21, without regard to the facts and circumstances of Petitioner's case pursuant to 18 U.S.C. §§ 3621(b) and 3624(c).  On November 3, 2008, the undersigned ordered Respondent to make a return in writing, certifying the true cause of Petitioner's detention and the proper length of his confinement in federal prison, and showing cause why the writ should not be granted.  (Docket No. 3).

Before the Order to Show Cause was issued, Petitioner was transferred to the RRC on June 22, 2008.  (Docket No. 4).  Respondent subsequently asked this Court to dismiss Petitioner's petition as moot.  (Docket Nos. 4, 6).  In a letter filed on November 24, 2008, the Respondent now advises that Petitioner was released on November 20, 2008, from the RRC.[3]

---

[2] RRCs are commonly known as halfway houses.

[3] On December 8, 2008, the United States Clerks Office noted that returned mail indicated that Petitioner was released on November 20, 2008.

## II.      DISCUSSION

Respondent initially characterized the issue before this Court as whether Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 was moot because Petitioner was transferred to the RRC.  To apply for a writ of habeas corpus under § 2241, the applicant must be "in custody," a term that courts have liberally construed to include not only incarceration, but also other significant restraints on personal liberty.  *See Mun. Court v. Lydon*, 466 U.S. 294, 300–01 (1984).

However, courts, albeit outside the Eighth Circuit, have held that writs of habeas corpus do not automatically become moot when petitioners are released from custody.  *See, e.g.*, *Wottlin v. Fleming*, 136 F.3d 1032, 1034 n.1 (5th Cir. 1998) (holding petitioner who was released to halfway house remained "in custody" for purposes of habeas relief).  For example, in *Spencer v. Kemna*, the United States Supreme Court held that a habeas petitioner's release from prison after his petition had already been filed did not cause his petition to become moot, on the theory that it no longer satisfied the "in custody" requirement of § 2241.  523 U.S. 1, 7 (1998).  The Court reasoned that the "in custody" requirement was satisfied as long as the petitioner was incarcerated at the time the petition was filed.  *Id.*

In the present case, Petitioner was incarcerated at the time he filed his petition and thus, the "in custody" requirement of § 2241 is satisfied.  The more substantial issue, therefore, is whether Petitioner's transfer to and subsequent release from the RRC caused the petition to become moot because it no longer presents a case or controversy under Article III, § 2, of the U.S. Constitution.  If an issue is moot in the Article III sense, a federal court has no discretion and must dismiss the action for lack of jurisdiction.  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer*, 523 U.S. at 7 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990)).  This means that, throughout the litigation, the petitioner "must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citing *Lewis*, 494 U.S. at 477).

In his petition, Petitioner claimed that Respondent improperly denied him early transfer to the RRC. However, Petitioner has since been transferred to the RRC and subsequently released as of November 20, 2008. Petitioner arguably received the relief he requested when he was transferred to and released from the RRC. *Cf. Ali*, 419 F.3d at 724 (holding petitioner's petition for writ of habeas corpus, challenging his extended detention while awaiting deportation, "prudentially moot" by alien's mistaken release from custody). For this reason, this Court cannot redress Petitioner's alleged injury with a favorable judicial decision, as an actual injury no longer exists.

## III.    RECOMMENDATION

Because Petitioner has since been transferred to and released from the RRC, Petitioner's petition is moot based on lack of jurisdiction. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket No. 1-9) be **DENIED AS MOOT.**

2.      Respondent's motion to dismiss petition as moot (Docket Nos. 4, 6) be **GRANTED.**

3.      This matter be dismissed in its entirety and judgment entered.

Dated this 13th day of March, 2009.

  s/ *Jeanne J. Graham*                          
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. Local Rule 72.2(b), any party may object to this Report and Recommendation by serving and filing specific, written objections by **MARCH 27, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words and must comply with all other requirements contained in Rule 7.1(c) and (e).  The District Court Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.